Pargit SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–76535.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed June 11, 2008.

---

Inna Lipkin, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Christopher C. Wang, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, Senior District Judge.

MEMORANDUM **

Pargit Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and protection pursuant to the Contention Against Torture (CAT). We deny the petition.

The BIA was not compelled to find that Singh established eligibility for asylum. Discrepancies in his testimony were not minor mistakes, as Singh would have it, but were sufficiently substantial and material that the trier of fact could question whether his story was genuine. For example, Singh initially testified that he was arrested three times in February 1992, later changed that testimony to say that he was arrested three times in the year 1992, then later testified that he was arrested twice in 1992 and once in 1993. He testified that he was arrested in 1996, but could not remember when, did not mention critical details that appeared in his declaration,[1] and stated at the hearing (but not in his declaration) that his injuries were such as to require medical treatment. The Board was not required to accept Singh's explanation for failing in his declaration to mention medical treatment—that he was treated by a village doctor rather than at a hospital—thus it could legitimately question whether he truthfully testified to having suffered injuries. Singh also testified that he was arrested in 2000, but testified both that he went to his in-laws when he was released, and that only his wife and children went to his in-laws. As the IJ disbelieved Singh's testimony based on substantial evidence, Singh failed to show by credible, direct and specific evidence that he experienced past persecution. Having failed to do this, Singh is not eligible for asylum and thus, for withholding of removal. Nor did Singh show that he will more likely than not be tortured if returned to India, so he also is ineligible for CAT relief.

PETITION DENIED.

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. That the details in his declaration which Singh failed to mention on direct examination at the hearing may be favorable to his position does not compel a different result. Inconsistency as to important things such as the police using a roller on one's legs and being put in the hot sun all day, which a person is unlikely to forget, can indicate that the entire story is fabricated.